## RICE v. LOCKHART MILLS.

1. CONTINUING CASE.—It is not an abuse of discretion in trial Judge to
   order a case to trial where leading counsel is engaged at Court
   in another county, of which conflict he had notice by the law fixing
   the terms, where another of counsel is ill but able to be in Court
   and participate in trial, and the other counsel employed is expected
   to be absent at sick bed of his father, but arranges to assist in trial,
   neither of the latter having prepared for trial.

2. CHARGE as to duty of master in furnishing safe place, machinery and
   appliances, is not on the facts.

3. IBID.—Failure to instruct jury as to the proximate cause of an injury
   to an employee by reason of defective machinery and place to work,
   under charge and facts of this case and in absence of request on that
   point, is not error.

4. IBID.—Statement of acts as acts of negligence charged in the com-
   plaint and referring to them as alleged, is not a charge on the facts.

5. NEW TRIAL.—On which side is the greater weight of the evidence is
   for jury and not Judge, on motion for new trial.

Before KLUGH, J., Union, September, 1905.    Affirmed.

Action by John S. Rice against Lockhart Mills.    From
judgment for plaintiff, defendant appeals.

*Messrs. Mordecai & Gadsden, B. F. Townsend* and *H. L.
Scaife,* for appellant, cite: *Ordering case to trial was an
abuse of discretion:* 50 S. C., 403; 42 S. C., 205; 68 S. C.,
494.    *Error for Judge to say to jury what negligence is:* 51
S. C., 453; 53 S. C., 449; 61 S. C., 556; 71 S. C., 156; 47
S. C., 552.    *Defendant is not liable unless acts complained
of were proximate cause of injury:* 63 S. C., 271; 66 S. C.,
302; 1 Strob., 525; 54 S. C., 503; 70 S. C., 490.

*Messrs. Stanyarne Wilson* and *V. E. DePass,* contra, cite:
*There was no abuse of discretion in ordering case to trial:* 33
S. C., 106; 42 S. C., 209; 48 S. C., 5; 51 S. C., 136.    *As to
duty of employer to employee:* 34 S. C., 214; 64 S. C., 215;
72 S. C., 97, 401, 112, 346; 66 S. C., 482; 42 S. C., 454.

September 11, 1906.   The opinion of the Court was de-
livered by

Mr. Chief Justice Pope.   The plaintiff sought $10,000
damages of defendant because he alleged that while he was
in the employment of the defendant his left hand and arm
were caught in the machinery of the defendant and was so
badly torn and broken that the arm had to be amputated
above the elbow, causing him great suffering, injury and
damage.   That such injury was directly due to and caused
by the negligence of the defendant in the following respects:

First. In not furnishing him a safe place in which to
work; in that the said machinery was not sufficiently lighted
so that he could see the danger which afterward injured
him, and by reason of which he was unconscious of such
danger.

Second. In not instructing him as to the danger of the ma-
chine, which was not evident to him and of which he was
unconscious, and in not warning him of the danger of
putting his hand at said place, where it was caught as afore-
said while attempting to clean said box.

The answer of the defendant admits its corporate capacity
and that the plaintiff was in the defendant's service at its
cotton mill, and that he suffered an injury to his arm which
was afterward amputated, but it denies each and every allega-
tion contained in the complaint outside of these facts.   The
defendant asserts that the injury of the plaintiff was sus-
tained by him through his negligence as the sole cause
thereof, in that said plaintiff put his hand into an obviously
dangerous place in said machinery when it was in motion,
when it was not necessary for him to do so, and when he had
been warned and instructed not to do so by the proper ser-
vants of the defendant.

The issues came on to be tried before his Honor, Judge
Klugh, and a jury at the September Term, 1905, of the
Court of Common Pleas of Union County.   Both sides in-
troduced testimony.   After the charge of the Judge, the jury
rendered a verdict in favor of the plaintiff for $3,500.   After

a judgment upon this verdict, the defendant appealed to this Court upon several grounds, which we will consider in their order.

"I. Because his Honor erred in refusing to grant the continuance asked for in this case, such refusal amounting to an abuse of his judicial discretion, in that by the showing made on the motion for continuance, it appeared that the defendant was put to great disadvantage by reason of the absence of its leading counsel, the illness of another of its counsel, and the necessary absence, as it then appeared, of the third of its counsel, preparation for and conduct of the trial, therefore, being carried on under circumstances making it very difficult for the case to be properly handled."

The defendant thinks that the Circuit Judge should have granted its motion for a continuance on the grounds set up in this ground of appeal. It seems that Mr. Mordecai, who was the leading counsel for the defendant, made affidavit that he had been ready at the previous term of Court to try this case, having his witnesses all present, but, owing to the crowded condition of the docket it could not come on for trial, but at the present, September Term, 1905, Mr. Mordecai had a number of other cases in the county of Beaufort which were being pressed for trial at this same September Term, and that he was also sole counsel in another case ordered by the Supreme Court to be heard at the same time fixed by law for the trial at Union and Beaufort.

Also, it appeared by the affidavit of Mr. Scaife, that he had no previous connection with the present case until called upon by Mr. Mordecai to present his affidavit and to ask for the continuance of this cause.

The Circuit Judge allowed Mr. Scaife to present other affidavits for continuance when the case should be called for a hearing; he did so by producing an affidavit showing that Mr. B. F. Townsend had also been retained by the defendant, and that he had been summoned by telegraph to attend the bedside of a sick father.

Mr. Simeon Hyde, who was in the employment of Mr. Mordecai, was also present in Union, but did not expect to take part in the trial. The Circuit Judge, however, ordered the trial to proceed, and at that trial Mr. Scaife, Mr. Townsend and Mr. Hyde participated. We do not think the Circuit Judge made any mistake here.

The date of the Court at Union and at Beaufort were, as before said, fixed by law. It was the duty of defendant counsel to prepare for these trials. While he could not be in two places at the same time, it was his duty to provide counsel to be in attendance upon the Court, and as usual, he provided for the presence of such counsel, such counsel were present by his careful provision. The Circuit Judge committed no error in holding him to the trial. This ground of appeal is overruled.

"II. Because his Honor erred in charging the jury, 'Where a person employs another person to do work, it is the duty of the employer to furnish his employee reasonably safe tools or implements or appliances or machinery, whatever the work is to be done with, and to furnish a reasonably safe place in which to do the work, and if the employer fails to furnish reasonably safe implements or tools or machinery or appliances or fails to furnish a reasonably safe place in which to do the work, and the employee is injured thereby, the employer is liable in damages for the injury.' The specific errors assigned in this charge being as follows:

"A. It being error so to charge the jury, because this was charging on the facts, in that the Judge stated that certain omissions on the part of the employer constituted negligence and rendered the employer liable in damages.

"B. This charge is erroneous, in that it eliminates the necessary doctrine of 'proximate cause' of the injury, which is essential to the charge.

"C. This charge invades the province of the jury by passing upon the facts, in that the hypothetical statements therein contained do not embrace all the circumstances of the

case. (The circumstances detailed in plaintiff's testimony, wherein he testified that he went to the machine, the dangers of which were known to him, before the time to go to work and before his instructor had come, raised the protectors, and in the dark stuck his hand in the blades, which the plaintiff testified he knew would cut a piece of pine plank in two, if put in there, etc.)

"D. Because this charge, not including in the hypothetical statement of facts which would have justified the jury in finding that the plaintiff was negligent; the jury under such charge could find for the plaintiff, or if he wilfully suffered the injury to occur, and even if the plaintiff's own act of negligence were the proximate cause of the injury."

A reference to this charge shows that the Circuit Judge considered this matter with great care and that the specific errors are not well founded. *A.* It was not a charge upon the facts. *B.* The Circuit Judge was not requested by the defendant to charge as to proximate cause of the injury, but he was requested by the plaintiff to charge generally upon the master's duty to provide reasonably safe appliances and a reasonably safe place in which to work. *C.* This charge does not invade the province of the jury by passing upon the facts. The Judge leaves the findings of fact to the jury itself. *D.* No request was made by the defendant to add to his charge in any particular. This ground of appeal is overruled.

"III. Because his Honor erred in charging the jury: 'He (plaintiff) alleges that because of Lockhart Mills failure to do this, that it was negligent in its duty to him, and his hand was caught in the machinery and he suffered injury, which has been detailed to you,' thereby charging on the facts, and in effect charging the jury that the injury detailed to them by the plaintiff was to be accepted by them as a fact." The language of this suggestion of error on the part of the Circuit Judge relates to the statement by the Circuit Judge of what the pleadings allege. There was no request presented by the defendant nor was there any sug-

gestion that the Circuit Judge was in error in setting forth what issues the complaint set up. This ground of appeal is overruled.

"IV. Because his Honor erred in charging the jury: 'If the plaintiff fails to establish those facts by a preponderance or greater weight of the evidence—that he did suffer injury because of *these acts of negligence of the defendant*—then he is not entitled to recover;' thereby charging the jury upon the facts, and thereby charging the jury in effect that certain acts were acts of the defendant, and, furthermore, that they were acts of negligence." There is no error here; the Circuit Judge merely summed up the result of the complaint showing that if the plaintiff failed to establish his grounds of wrong by the defendant, he must necessarily fail in his action. This ground of appeal is overruled.

"V. Because his Honor erred in charging the jury: 'As a matter of course, the plaintiff can't recover, if he suffered injury from negligence of the defendant *in any other particulars than those specified in the complaint;*' thereby charging the jury upon the facts by intimating and charging that 'those' particulars specified in the complaint amounted to negligence." The same objection obtains here as was pointed out in considering the fourth ground of appeal. It is, therefore, overruled.

"VI. Because his Honor erred in charging the jury: 'There is no ground for punishing the defendant for injuring the plaintiff;' thereby charging upon the facts and allowing the jury to infer that in his Honor's opinion the defendant had proximately caused plaintiff's injury." The Circuit Judge is clearly right in stating as a part of his charge, that "There is no ground for punishing the defendant for injuring the plaintiff." Because the Circuit Judge distinctly and repeatedly states in his charge that the plaintiff is bound by the allegations of his complaint, and is careful to repeat exactly what those allegations are, and it is well that the Circuit Judge is careful in placing this responsibility upon the plaintiff that the words quoted are used, and as usual they

are only part of his general charge. This exception is overruled.

"VII. Because his Honor erred in refusing to grant the motion for a new trial on his minutes, made upon the ground that the verdict was contrary to the greater weight of evidence, in that it appears from the record that the plaintiff was his only witness upon the material facts alleged in the complaint, and was contradicted at every point by a number of witnesses." There can be no possible ground for this exception to his Honor's refusing a motion for a new trial. There was testimony on both sides by the witnesses upon the matters alleged in the complaint. The weight of such testimony must be determined by the jury. There is no duty devolved by law. upon the Circuit Judge to say which has the greater weight. This exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE GARY concurs in the result.